■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HAYWOOD KNIGHT, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (O'Brien, J.), rendered December 16, 1985, convicting him of burglary in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial of that branch of the defendant's omnibus motion which was to suppress identification testimony.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to support the defendant's conviction of burglary in the second degree. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

We further find that the hearing court properly denied that branch of the defendant's omnibus motion which was to suppress evidence of the identification of the defendant made by the complainant and another witness while the defendant was seated in the rear of a police car in front of the complainant's store. The showup identifications fell within the recognized exception to the general rule against showups as the showups were conducted shortly after the commission of the crime when they were likely to confirm or dispel suspicion as to the suspect (see, People v Hicks, 68 NY2d 234; People v Love, 57 NY2d 1023; People v Session, 143 AD2d 233).

We have examined the defendant's remaining contentions, including his challenge to the propriety of the sentence, and find them to be without merit. Weinstein, J. P., Bracken, Kunzeman and Rubin, JJ., concur.