■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SEBASTIAN DIAZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Hayes, J.), rendered November 21, 1980, convicting him of robbery in the first degree (three counts), robbery in the second degree, criminal possession of a weapon in the second degree, and criminal possession of stolen property in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant claims, *inter alia,* that an improper showup was held at the police station whereby the complainant viewed him in a holding cell. The defendant contends that this identification procedure was highly suggestive and should have resulted in the suppression of the complainant's in-court identification. A review of the events surrounding the purported showup clearly demonstrates that no identification procedure was conducted by the police at the station house. The complainant had previously made a spontaneous identification of the defendant in close proximity to the time and place of the robbery. The complainant's viewing of the defendant in the holding cell was purely accidental and did not form the basis for the in-court identification. Accordingly, there was no improper identification to suppress *(see, People v Hampton,* 129 AD2d 736, 737).

The defendant also argues that his trial should have been severed from that of his codefendant. Having previously considered the issue of severance upon the codefendant's appeal

*(People v Muniz,* 104 AD2d 1054), we adhere to our determination therein and find that there is no merit to the claim that the defendants should have been separately tried.

We have reviewed the defendant's remaining contentions and find them to be without merit. Lawrence, J. P., Eiber, Harwood and Balletta, JJ., concur.