■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARRYL WHITEHEAD, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Clabby, J.), rendered November 14, 1984, convicting him of attempted robbery in the second degree, after a nonjury trial, and imposing sentence. By decision and order dated October 31, 1988, this court held the appeal in abeyance and remitted the matter to the Supreme Court, Queens County, to hear and report on that branch of the defendant's omnibus motion which was to suppress identification testimony, and the appeal was held in abeyance in the interim (143 AD2d 1066). After a hearing on that issue, the Supreme Court, Queens County, submitted its report to this court.

Ordered that the judgment is affirmed.

The hearing court properly determined that the events leading up to the identification of the defendant were not police arranged. The evidence, as credited by the hearing court, established that the defendant was being detained by several passersby when a police officer arrived on the scene. While the officer was attempting to ascertain what had oc-

curred, an eyewitness stepped forward and identified the defendant as one of the robbers. Moments thereafter, the complaining witness arrived and identified the defendant as one of his assailants. The defendant was then handcuffed and placed under arrest. Inasmuch as the viewings of the defendant were not arranged by the authorities and the identifications were neither directly nor indirectly prompted or solicited by the police, they were not subject to suppression (see, e.g., *People v Diaz,* 146 AD2d 797; *People v Johnson,* 145 AD2d 573; *People v Jones,* 143 AD2d 683; *People v Decker,* 134 AD2d 511; *People v Sivels,* 134 AD2d 381).

Even if it may be said that the identifications were the proper subject of a *Wade* hearing, suppression would be inappropriate because the viewings were not unduly suggestive and were made in close proximity to the crime scene only minutes after the commission of the offense (see generally, *People v Love,* 57 NY2d 1023; *People v Knight,* 144 AD2d 698; *People v Prato,* 143 AD2d 205; *People v Molina,* 140 AD2d 377). Accordingly, suppression was properly denied. Mangano, J. P., Thompson, Brown and Sullivan, JJ., concur.