L. CHARLES WRIGHT, Retired Appellate Judge.
Aletta Hunter and Michael David Hunter were divorced in the Circuit Court of Tuscaloosa County in August 1988. The father was awarded custody of the minor son.
In September 1988 the parties began living together again in Virginia, the mother’s home state. The father returned to Alabama in June 1989. The mother subsequently filed an action in the Juvenile and Domestic Relations Court of the City of Chesapeake, Commonwealth of Virginia, requesting temporary custody of the child. The Virginia court granted temporary custody to the mother and entered an order setting the matter for a final determination in September 1989.
Following the Virginia order the mother filed a request for a writ of assistance in the Tuscaloosa County Circuit Court under § 30-3-40, Code 1975, to secure physical custody of the child. The writ was issued and the child was delivered to the mother.
In September 1989 the Virginia court was made aware of the prior Alabama decree granting custody to the father. The court determined that the mother fraudulently represented to the court that there had been no prior custody determination and declared the temporary order void. The case was continued until December 1989 for a determination on the issue of jurisdiction. The child was returned to the father.
In November 1989 the father brought an action in Tuscaloosa County seeking child support and requesting that the Alabama court communicate with the Virginia court to determine jurisdiction. After consultation, both courts determined that jurisdiction was proper in the Alabama forum. The action pending in Virginia was dismissed.
The mother filed a petition in the Alabama court to modify custody. She requested that the court, in considering custody, apply the “best interests of the child” standard rather than the more stringent standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984). The court found the McLendon standard to be applicable. The parties then entered into an agreement concerning custody and child support pending an appeal. The trial court accepted the agreement and entered a final order pursuant to Rule 54(b), Alabama Rules of Civil Procedure. The court expressly reserved its rulings concerning jurisdiction and the applicable standard to be used in the custody modification proceeding for appeal by the mother.
Initially, the mother asserts that the trial court was without jurisdiction to entertain the custody dispute.
Jurisdictional issues concerning interstate child custody cases are controlled by the Parental Kidnapping Prevention Act (PKPA), 28 U.S.C.A. § 1738A (West Supp. *73 1990), and Alabama’s Uniform Child Custody Jurisdiction Act (UCCJA), §§ 30-3-20 through -44, Code 1975. In areas of conflict between the two, the PKPA prevails. Blankenship v. Blankenship, 534 So.2d 320 (Ala.Civ.App.1988).
Alabama courts have continuing jurisdiction over custody matters if the initial custody determination was entered with proper jurisdiction and either the child or either parent continues to reside in Alabama. Blankenship.
There is no dispute that the original order of custody in the Alabama divorce was entered with proper jurisdiction and that the father resides in Alabama. Consequently, the Alabama court had jurisdiction over the matter and did not err in exercising that jurisdiction. That determination is supported by the fact that the courts conferred on the jurisdictional question and decided Alabama was the proper forum.
The mother contends that the trial court erred in its determination that the McLendon standard applied to the facts of this case. She asserts that the parties’ reconciliation had the effect of nullifying the grant of custody to the father. She suggests that in such a situation the “best interests of the child” standard applies.
If there is a judgment granting custody to one parent, that custody will be changed only if it would “materially promote” the child’s welfare. Ex parte McLendon. Voluntary agreements between divorced parents, without the consent of a court order, are legal nullities. Garrison v. Garrison, 557 So.2d 1277 (Ala.Civ.App.1990). In this case, there is no indication from the record that the father relinquished his court-ordered award of custody or that the award was affected by the period the parties subsequently cohabited in Virginia. Therefore, under McLendon, the mother as the noncustodial parent had the burden to prove that changing legal or physical custody would materially promote the best interests of the child. The trial court did not err in finding McLendon to be applicable to the facts of this case.
This case is affirmed.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.