■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL RAMOS, Appellant.—Judgment, Supreme Court, Bronx County (Harold Silverman, J.), rendered August 5, 1991, convicting defendant, upon his plea of guilty, of criminal possession of a weapon in the third degree, and sentencing him to a term of 6 months imprisonment and 4½ years of probation, unanimously affirmed.

On May 19, 1990, an unnamed civilian informant entered police headquarters and told the police that there was a man with a gun, wearing red jeans and a black shirt on the corner of 180th Street and Anthony Avenue, and that he had seen the gun. Two officers in civilian clothes drove an unmarked car to the location and observed the defendant with an undefined bulge at the waistband. They exited their car, identified themselves as police and told the defendant not to move. The defendant fled into a nearby store and discarded his gun into a waste can in a bathroom at the rear of the store. The police, who were right behind the defendant, recovered the gun and arrested defendant.

Defendant's contention that the gun should have been suppressed is without merit. Reasonable reliance upon information from an unnamed civilian informant may provide the reasonable suspicion necessary for a stop of a suspect (People v Fernandez, 182 AD2d 431, 432, lv denied 79 NY2d 1049). Though the observation of the undefined bulge in the waist-

band of the defendant would not in and of itself suffice, here there were other indicia of criminal activity. Accordingly, pursuit of defendant was proper *(People v Martinez,* 80 NY2d 444; *People v Leung,* 68 NY2d 734), and suppression of the gun recovered was properly denied. Concur—Sullivan, J. P., Carro, Kupferman and Rubin, JJ.