■ In the Matter of ALLAN P., a Person Alleged to be a Juvenile Delinquent, Appellant. [633 NYS2d 124] —Order, Family Court, Bronx County (Stewart H. Weinstein, J.), entered May 12, 1994, which adjudicated appellant a juvenile delinquent and placed him on probation for a period of two years following a fact-finding determination that he had committed acts which, if committed by an adult, would constitute the crime of criminal possession of a weapon in the third degree, reversed, on the law, the suppression motion granted and the petition dismissed, without costs.

It was error here to deny the motion to suppress. Under the circumstances, the police lacked the reasonable suspicion necessary to justify the stop and frisk of appellant (see, People v Hollman, 79 NY2d 181; People v De Bour, 40 NY2d 210). While an in-person report of a gunman by an individual who remains on the scene has been considered reliable information (see, People v Mitchell, 196 AD2d 401, lv denied 82 NY2d 757; People v Ramos, 189 AD2d 697, lv denied 81 NY2d 891), in Mitchell, Ramos, and other cases cited by the People, additional factors were present to justify the police action.

In Mitchell (supra), the informant pointed out a specific individual, and told officers outside of Port Authority Bus Terminal that the individual had a shotgun with which he had threatened to shoot her; we held that the threat and the officers' concern, not only for their safety, but that of the informant, and the public at such a location, gave them reasonable suspicion to stop the clearly identified defendant and seize a suitcase which he had placed between his legs. In Ramos (supra), our affirmance of the seizure of a gun was based on the facts of the informant's provision of a specific address where defendant was located, the arresting officers' sighting at the address an individual matching the description provided and observation of a bulge in his waistband, and the defendant's flight and discard of the gun upon the officers' approach.

In Matter of Frankie M. (200 AD2d 479), this Court reversed the suppression of a handgun and a statement, holding that a tip provided by a group of youths that the respondent was carrying a gun was sufficient to establish reasonable suspicion warranting a stop and frisk, where the informants provided a detailed description of and pointed out the respondent to the arresting officers.

In People v Castro (115 AD2d 433, affd 68 NY2d 850), we affirmed the admissibility of physical evidence seized pursuant to a tip given to the arresting officer by an individual whom the officer had just arrested. The informant indicated, among other things, that a Hispanic man with a gun was standing across the street with two black men. The officers looked across the largely empty street, saw the trio described, and walked over to investigate. After identifying themselves, the officers conducted a frisk and found a gun on the person of the Hispanic man.

In People v Harris (175 AD2d 713, 714-715, lv denied 79 NY2d 827), we affirmed the hearing court which ruled admissible physical evidence seized incident to arrest where an unidentified informant approached the arresting officer at a crime

scene, described the perpetrator, his clothing, and his escape route, and the officer, following the escape route, encountered and arrested an individual who was attempting to hide from him and matched the description, which included a blood-stained shirt.

These authorities are inapposite to this case, where there was only a minimal description of the gunman, no corroboration by the officers of the gunman's description as provided by the informant, and no additional factor which served to enhance the degree of suspicion which the officers possessed (*see, People v Patterson*, 165 AD2d 673, *lv denied* 76 NY2d 989; *People v Francis*, 108 AD2d 322). Concur—Murphy, P. J., Rubin and Williams, JJ.

Kupferman, J., dissents in a memorandum as follows: I would affirm.

Accepting the well-reasoned analysis of the majority, the additional factors to be considered are that it was 3:40 A.M. on a winter day and the informant had stated that the gunman was wearing a black jacket, which the appellant was wearing, both of which factors should have led to the stop and frisk that took place.