# 2007 DTA 89

**TRIBUNAL DE APELACIONES**
**REGIÓN JUDICIAL DE BAYAMON**
**PANEL VI**

CARLOS D. BÁEZ MONTAÑEZ
Peticionario

v.

ESTHER LYDIA RUIZ
Recurrida

Núm. KLRX-2007-00062

San Juan, Puerto Rico, a 5 de julio de 2007

Panel especial integrado por su Presidente, el Juez Vizcarrondo Irizarry,
la Juez Coll Martí y el Juez Salas Soler

Vizcarrondo Irizarry, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

Comparece el peticionario, el Sr. Carlos D. Báez Montañez, con una petición de *hábeas corpus* en la que solicita que se le otorgue entera fe y crédito a las órdenes emitidas por el tribunal de familia de Delaware

County, Pennsylvania, que le confieren la custodia temporera de su hijastra, Génesis Mary Díaz, una menor de edad que se encuentra en Puerto Rico junto a sus abuelos maternos. El peticionario nos solicita que se le brinde entera fe y crédito a las órdenes emitidas por la corte de Delaware County que ordenan a la recurrida, la Sra. Esther Lydia Ruiz, abuela de la menor, a entregar a Génesis Mary Díaz a la Sra. Yina Montañez quien se encargaría de transportar a la niña hasta Pennsylvania donde la esperaría su padrastro.

Estudiados los autos, estamos en posición de resolver y declaramos HA LUGAR la solicitud de *hábeas corpus*.

# I

Los hechos del caso están relacionados con una controversia de custodia. El Sr. Báez Montañez, en adelante peticionario, se casó con Sherley Díaz, madre de la menor Génesis Mary Díaz, el 29 de diciembre de 2002 en Bayamón, Puerto Rico. Lamentablemente, el 5 de marzo de 2007, Sherley Díaz falleció en Delaware, Pennsylvania debido a un *"septic shock neumonia and respiratory failure"*. Véase, Apéndice Núm. 7, pág. 39, peticionario. 

La menor Génesis Mary Díaz, de 8 años de edad, vino a Puerto Rico el 10 de marzo de 2007 junto a su padrastro Carlos D. Báez Montañez y su hermanito por parte de madre Luis E. Báez, de 2 años de edad, para asistir al entierro de Sherley Díaz. El peticionario señala que por los pasados dos años, aproximadamente, Génesis vivió con su madre, con su hermanito y con él en la cuidad de Chester, Delaware County, en Pennsylvania. Esta familia se trasladó de Puerto Rico al estado de Pennsylvania por motivos de la salud de la madre de la menor. Según la recurrida, el traslado de Puerto Rico a Pennsylvania ocurrió a finales del año 2005. Véase, *Oposición a Solicitud de Hábeas Corpus*, pág. 7. Según el peticionario, la menor vivió en Pennsylvania desde el 8 de diciembre de 2005. Véase, *Petición*, pág. 11, peticionario.

Según el peticionario, luego del entierro de Sherley Díaz, la abuela materna de la menor, Esther Lydia Ruiz, en adelante recurrida, se quedó con Génesis en Puerto Rico en contra de su voluntad. El 11 de mayo de 2007, el peticionario presentó una demanda de custodia y una solicitud de emergencia de custodia temporera ante el *Court of Common Pleas of Delaware County*, Pennsylvania. Véase, Apéndice Núm. 3, págs. 7-10 y Apéndice Núm. 1, págs. 1-2, peticionario. La corte de Delaware, Pennsylvania, dictó una orden de emergencia de custodia temporera ordenando y decretando que la menor estuviese bajo la custodia del peticionario, el 11 de mayo de 2007. Véase, Apéndice Núm. 2, pág. 4, peticionario. Además, la corte de Delaware County emitió una orden dirigida a la recurrida en la que le advirtió la demanda de custodia en su contra respecto a la menor y le ordenó a comparecer en persona en ese foro el 1 de junio de 2007 para una conferencia de mediación. Véase, Apéndice Núm. 2, pág. 5, peticionario.

El 17 de mayo de 2007, la recurrida presentó ante la corte de Delaware County una moción para desestimar la demanda de custodia y dejar sin efecto la orden de emergencia de custodia temporera. Véase, Apéndice Núm. 4, págs. 11-15. Luego de evaluada dicha moción, el 21 de mayo de 2007, la corte de Delaware County emitió una orden en la cual determinó que todas las partes tenían que comparecer ante el Master Wright el 1 de junio de 2007 según se había ordenado. Añadió que Master Wright revisaría la reclamación de custodia original, las demás mociones pendientes y emitiría las órdenes apropiadas. Véase, Apéndice Núm. 2, pág. 6, peticionario. El 5 de junio de 2007, el peticionario presentó, ante la corte de Delaware County, una contestación a la moción de desestimación de la demanda de custodia. Véase, Apéndice Núm. 4, págs. 16-19.

Del expediente surge la notificación del 1 de junio de 2007, en la cual la corte de Delaware County aprobó la continuación de los procedimientos y señaló una vista para el 12 de junio de 2007 ordenando que la menor estuviese presente. Véase, Apéndice Núm. 5, pág. 24, peticionario. El 12 de junio de 2007, la corte de Delaware County dictó una nueva orden requiriendo la comparecencia de la recurrida con la niña para una audiencia pautada para el 13 de julio de 2007.

Por otro lado, en Puerto Rico, el peticionario presentó, el 31 de mayo de 2007, ante el Tribunal de Primera Instancia, en adelante T.P.I, Región de Bayamón, una petición de *hábeas corpus* solicitando que el foro ordenara a la Sra. Esther Lydia Ruiz que entregue a la menor Génesis Mary Díaz para que sea trasladada a su hogar junto a su padre de crianza, Báez Montañez. Véase, Apéndice Núm. 7, págs. 30-33, peticionario. El 5 de junio de 2007, archivada en autos copia de la notificación el 8 de junio de 2007, el foro de instancia señaló una vista de custodia para el 12 de junio de 2007. Véase, Apéndice Núm. 8, págs. 52-54, peticionario. A su vez, el foro *a quo* ordenó a la Oficina de Relaciones de Familia del Tribunal la realización de un estudio de custodia y patria potestad sobre la menor. Véase, Apéndice Núm. 8, págs. 57-59, peticionario.

De la minuta de la vista del 12 de junio de 2007 surge que el tribunal de instancia entendió que no procedía atender el recurso instado por el peticionario como un *hábeas corpus*, sino como una solicitud de custodia. Véase, Apéndice Núm. 9, pág. 60, peticionario. Además, el tribunal de instancia entendió que goza de jurisdicción para entender el caso de custodia y, por tanto, celebraría una vista antes de renunciar su jurisdicción. Véase, Apéndice Núm. 9, pág. 61, peticionario. A esos efectos, el tribunal señaló una vista para el 14 de agosto de 2007. Véase, Apéndice Núm. 9, pág. 62, peticionario.

El 25 de junio de 2007, el peticionario nos presentó una *Petición* sobre *hábeas corpus* y custodia. En una Resolución del 27 de junio de 2007 se le ordenó a la parte recurrida a, en o antes del lunes, 2 de julio de 2007, mostrar causa por la cual no se debía expedir el auto de *hábeas corpus* solicitado y conceder entera fe y crédito a las órdenes de 11 de mayo y 12 de junio de 2007 de la corte de Delaware County, Pennsylvania. La parte recurrida compareció y nos presentó una *Oposición a Solicitud de Hábeas Corpus*.

Contando con el beneficio de la comparecencia de las partes, estamos en posición de resolver. Exponemos.

## II

### A. *Hábeas Corpus*

El Art. 4.006 (d) de la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 24(y)(d), dispone que cualquier panel de este Tribunal podrá expedir un auto de *hábeas corpus*. Si se justifica, el Tribunal de Apelaciones puede declinar el ejercicio de su jurisdicción original y referir el asunto al Tribunal de Primera Instancia. Regla 55 (I) del Reglamento del Tribunal de Apelaciones, 4 L.P.R.A., Ap. XXII-B, R. 55 (I).

El peticionario señala que la jurisdicción de este tribunal surge conforme al *"Art. 4002(h) de la Ley de la Judicatura, 4 L.P.R.A. sec. 22(k)"*. Esa cita se refiere a la Ley de la Judicatura de 1993 que fue derogada por la Ley de la Judicatura de 2003, 4 L.P.R.A. sec. 22 *et. seq.* No obstante, la Ley de la Judicatura de 2003, *supra*, en su sec. 24(y)(d) contiene una disposición idéntica *ad verbatim* a la citada por el peticionario en la Ley de la Judicatura de 1993 y la cual dispone que *"cualquier panel del Tribunal de Apelaciones podrá expedir autos de hábeas corpus y de mandamus"*.

Desde la primera vez que se utilizó el recurso extraordinario de *hábeas corpus* para determinar la custodia de un menor en nuestra jurisdicción, nuestro Tribunal Supremo dejó sentada la doctrina de que en recursos de esta naturaleza, el bienestar del menor es el elemento predominante a considerar. *Chabert v. Sánchez,* 29 D.P.R. 241 (1921).

### B. Parental Kidnapping Prevention Act (PKPA)

En el año 1968 se promulgó en los Estados Unidos el *Uniform Child Custody Jurisdiction Act,* (UCCJA), para establecer un esquema que promoviera la estabilidad interestatal en materia de custodia de menores, y así prevenir la remoción interestatal de menores por sus propios padres o parientes con el propósito de obtener

decretos de custodia favorables en otros foros. Sin embargo, el UCCJA no fue adoptado por todos los estados derrotando así su objetivo. S.T. Dickens, *The Parental Kidnapping Prevention Act: Application and Interpretation*, 23 J. Family Law 419 (1984-85).

En el 1980 se aprobó la ley federal conocida como *Parental Kidnapping Prevention Act*, en adelante PKPA, 28 U.S.C. sec. 1738A, que consiste en el primer estatuto federal dirigido a regular el problema de remoción interestatal de menores por sus padres o parientes. La ley rige expresamente en todos los estados de los Estados Unidos, en el Distrito de Columbia, en el Estado Libre Asociado de Puerto Rico, y en los territorios y posesiones de los Estados Unidos. PKPA, 28 U.S.C. sec. 1738A(b)(8). El PKPA ocupa el campo en materia de determinaciones interestatales de custodia, por cuanto prevalece sobre cualquier otra legislación estatal. *Santiago v. Kabuka,* **2006 J.T.S. 1**, 166 D.P.R. ___ (2005).

El propósito principal de esta legislación federal es el promover la cooperación entre los estados, facilitar el cumplimiento de los decretos de custodia de otros estados, desalentar la competencia entre varias jurisdicciones, evitar conflictos entre tribunales de distintos estados en lo que respecta a las determinaciones de custodia de menores y detener la remoción unilateral de los menores por sus parientes para obtener decretos judiciales favorables en otros foros. Declaración de Propósitos del PKPA, Pub.L. 96-611, Secs.7(c)(1-6).

El PKPA ordena a los tribunales el reconocer entera fe y crédito a los decretos de custodia de otros estados o jurisdicciones, siempre que éstos se hayan emitido de manera consistente con las disposiciones del estatuto; y el foro original continúe teniendo jurisdicción sobre la materia de custodia del menor. PKPA, 28 U.S.C. sec. 1738A(a). El estatuto federal establece que un decreto de custodia emitido por un tribunal es consistente con sus disposiciones sólo si se cumple con lo que se transcribe, a continuación:

*"(1) dicho tribunal tiene jurisdicción bajo las leyes de su estado; y*

*(2) se cumple con una de las siguientes condiciones:*

*A. ese estado (i) es el estado de residencia del menor a la fecha en que comenzaron los procedimientos, o (ii) ha sido el estado de residencia del menor dentro de los seis meses antes de la fecha en que comenzaron los procedimientos y el menor se encuentra fuera del estado porque ha sido trasladado o retenido por una de las partes o por otras razones, y una de las partes aún reside en el estado que emitió el decreto;*

*B. (i) surge que ningún otro estado tiene jurisdicción bajo el párrafo (A), y (ii) para el mejor bienestar del menor, el tribunal de dicho estado asume jurisdicción debido a que (I) el menor y sus padres, o el menor y al menos uno de los litigantes, tiene contactos significativos con el estado, más allá de la mera presencia física en el mismo; y (II) está disponible en ese estado evidencia sustancial relativa al cuidado, protección, entrenamiento y relaciones personales presentes o futuras del menor;*

*C. el menor está físicamente presente en ese estado, y (i) ha sido abandonado, o (ii) existe una emergencia que requiera su protección porque el niño, un hermano o uno de sus padres, ha recibido amenazas o ha estado expuesto a maltrato o abuso;*

*D. (i) surge que no hay otro estado con jurisdicción bajo los párrafos (A), (B), (C) o (E), u otro estado ha declinado ejercer jurisdicción bajo el fundamento que el estado cuya jurisdicción está en controversia es el foro más apropiado para determinar la custodia del menor, y (ii) es para el mejor bienestar del menor que ese tribunal asuma jurisdicción; o*

*E. el tribunal tiene jurisdicción continua conforme al inciso (d) de esta sección."* Véase, PKPA, 28 U.S.C. sec. 1738A(c)(Traducción y énfasis nuestro).

Conforme a lo anterior, nuestro Tribunal Supremo ha señalado que el PKPA reconoce cuatro bases jurisdiccionales, a saber: jurisdicción del estado de residencia del menor, jurisdicción por contactos significativos con el foro, jurisdicción cuando no existe otro estado con jurisdicción o ha declinado ejercerla, y jurisdicción para situaciones en las que el menor se encuentra en estado de emergencia. *Santiago v. Kabuka, supra*. Más aún, ha reconocido que el estatuto establece un esquema de preferencia jurisdiccional mediante el cual se favorece el estado de residencia del menor como el foro que mejor capacidad para atender los pormenores de custodia de dicho menor. *Ortega v. Morales,* 131 D.P.R. 783, 792 (1992).

La legislación federal entiende por *"estado de residencia"* aquel estado o jurisdicción en el que el menor haya vivido con uno o ambos padres, o con una persona *"acting as a parent"*, al menos durante seis meses consecutivos antes de la fecha del inicio de los procedimientos de custodia o fijación de derechos de visita. PKPA, 28 U.S.C. sec. 1738A(b)(4). Sobre el particular, la legislación federal establece que *"periods of temporary absence of any of such persons are counted as part of the six month or other period"*. PKPA, 28 U. S.C. sec. 1738A(b)(4). Más aún, se define *"a person acting as a parent"* de la siguiente manera:

*"Means a person, other than a parent, who has physical custody of a child and who has either been awarded custody by a court or claims a right to custody."* PKPA, 28 U.S.C. sec. 1738A(b)(6).

A su vez, Pennsylvania cuenta con la legislación del *Uniform Child Custody Jurisdiction and Enforcement Act*, en adelante UCCJA, 23 Pa.C.S. secs. 5401, *et seq.* que organiza su jurisdicción en los asuntos de custodia. Para efectos de esa legislación estatal en los asuntos de custodia, se considera con jurisdicción el *"home state"* del menor. UCCJA, 23 Pa.C.S. sec. 5421(a)(1). La referida legislación define el *"home state"* de una manera casi idéntica a la legislación federal y dispone de la siguiente manera, a saber:

*"The state in which a child lived with a parent or a person acting as a parent for at least six consecutive months immediately before the commencement of a child custody proceeding. In the case of a child six months of age or younger, the term means the state in which the child lived from birth with any of the persons mentioned. A period of temporary absence of any of the mentioned persons is part of the period."* UCCJA, 23 Pa.C.S. sec. 5402.

Además, dicha legislación define el concepto de *"person acting as a parent."* Según se transcribe a continuación:

*"A person, other than a parent, who: (1) has physical custody of the child or has had physical custody for a period of six consecutive months, including any temporary absence, within one year immediately before the commencement of a child custody proceeding; and (2) has been awarded legal custody by a court or claims a right to legal custody under the laws of this Commonwealth."* UCCJA, 23 Pa.C.S. sec. 5402.

Sobre la presencia y jurisdicción personal, la legislación de Pennsylvania señala que *"physical presence of or personal jurisdiction over a party or a child is not necessary or sufficient to make a child custody determination"*. UCCJA, 23 Pa.C.S. sec. 5421(c).

A pesar de que el estatuto federal le otorga preferencia al estado de residencia del menor, sobre cualquier otra jurisdicción, también le confiere jurisdicción continua al estado o foro que haya emitido un decreto original de custodia, para que éste haga valer o revise sus determinaciones originales. PKPA, 28 U.S.C. sec. 1738(A)(d). Por tanto, nuestro Tribunal Supremo ha confirmado que ante la existencia de un decreto original conforme a las disposiciones del PKPA, la jurisdicción continua es el criterio principal, aun cuando ésta no sea la jurisdicción de residencia del menor. *Santiago v. Kabuka, supra.*

Para que un tribunal mantenga jurisdicción continua es necesario que se cumpla con los siguientes

requisitos: (1) un decreto original de custodia consistente con las disposiciones del PKPA, (2) que el foro original mantenga jurisdicción bajo sus propias leyes, y (3) que dicho foro continúe siendo el estado de residencia del menor o al menos una de las partes. PKPA, 28 U.S.C. sec. 1738(A)(d).

A manera de excepción, la ley federal reconoce jurisdicción a un foro para modificar determinaciones de custodia emitidas por otros tribunales si el estado que pretende modificar el decreto ostenta jurisdicción para hacer determinaciones de custodia; y el tribunal del otro foro ha perdido jurisdicción o ha declinado ejercerla. PKPA, 28 U.S.C. sec. 1738A(f) y (h). No obstante, una vez comenzado un procedimiento de custodia en un estado o jurisdicción cuyas determinaciones sean consistentes con las disposiciones del PKPA, y dicho procedimiento se encuentre pendiente; un segundo estado o jurisdicción queda impedido de ejercer su jurisdicción, o debe declinar ejercerla. PKPA, 28 U.S.C. 1738A(g); *Santiago v. Kabuka, supra.* Cónsono con lo anterior, si no existe un procedimiento de custodia pendiente en otra jurisdicción, un segundo foro puede asumir jurisdicción sobre la custodia del menor, si se cumple con los requisitos jurisdiccionales de la ley federal. *Santiago v. Kabuka, supra.*

Por último, sabido es que de existir conflicto respecto a cuál es el requisito jurisdiccional aplicable, según el PKPA, deberá prevalecer el estado de residencia del menor, y cuando exista inconsistencia entre la ley federal y la estatal deberá prevalecer la federal. *Ortega v. Morales, supra,* a las págs. 792-793.

### III

En el presente caso, el Sr. Báez Montañez, a pesar de ser el padrastro de la menor, ha solicitado la custodia de la niña en la corte de Delaware County, Pennsylvania. Al presente, el padre biológico de la menor no la ha reconocido. No obstante, surge de la *Oposición a Solicitud de Hábeas* Corpus, págs 9-10, que el Sr. Samuel Ayala Rivera ha presentado una petición voluntaria de filiación solicitando que se le declare padre de la menor. En los exhibits de la parte recurrida se encuentra una copia de la petición, que no contiene el sello de la secretaría del tribunal de instancia, de la cual surge que se otorgó el affidávit que la acompaña el 29 de junio de 2007, es decir, luego de comenzado el proceso de custodia en la corte de Delaware County. Véase, Exhibit D, págs. 7-8, recurrida. La menor tampoco ha sido adoptada.

En el presente caso aplica la legislación federal del PKPA que ocupa el campo en cuanto a las determinaciones de custodia a nivel interestatal. Por tanto, estamos obligados a resolver conforme lo establecen sus disposiciones.

La menor ha residido en Pennsylvania desde diciembre de 2005 hasta el 10 de marzo de 2007 cuando vino a Puerto Rico para el entierro de su madre. La demanda de custodia se presentó en la corte de Delaware County, Pennsylvania el 11 de mayo de 2007. Para efectos del decreto de custodia se entiende que se prefiere al estado de Pennsylvania por ser el estado de residencia del menor según la legislación federal y estatal. PKPA, 28 U.S. C. sec. 1738A(b)(4); UCCJA de Pennsylvania, 23 Pa.C.S. sec. 5421(a)(1). Además, en el caso ante nuestra consideración no podemos sostener que estamos ante un supuesto de jurisdicción continua según las disposiciones del PKPA.

El 11 de mayo de 2007 en un pleito entre *Carlos David Báez v. Esther Lydia Ruiz,* la corte de Delaware, Pennsylvania, dictó una orden de custodia temporera ordenando y decretando que la menor Génesis estuviese bajo la custodia del peticionario. Además, ese tribunal emitió una orden dirigida a la recurrida en la que le advirtió sobre la demanda de custodia en su contra y le ordenó a comparecer en persona ante ese foro el 1 de junio de 2007 para una conferencia de mediación.

El 21 de mayo de 2007, ante una moción de la recurrida para desestimar la demanda de custodia y dejar sin efecto la orden de emergencia de custodia temporera, la corte de Delaware County emitió una orden en la cual determinó que todas las partes tenían que comparecer el 1 de junio de 2007, según se había ordenado, y añadió

que en ese momento se revisaría la reclamación de custodia original y las demás mociones pendientes.

Del expediente surge la notificación, del 1 de junio de 2007, en la cual la corte de Delaware County aprobó la continuación de los procedimientos y señaló una vista para el 12 de junio de 2007 ordenando que la menor estuviese presente. Véase, Apéndice Núm. 5, pág. 24, peticionario. El 12 de junio de 2007 la corte de Delaware County dictó una nueva orden requiriendo la comparecencia de la recurrida con la niña para una audiencia pautada para el 13 de julio de 2007.

Es en virtud de las susodichas órdenes de la corte de Delaware County que el peticionario solicitó en el foro de instancia, a través de un recurso de *hábeas corpus,* que se le ordene a la Sra. Esther Lydia Ruiz a entregarle a la menor Génesis Mary Díaz, cuya custodia temporera ostenta, para así cumplir con las órdenes del foro de Pennsylvania. No sólo las órdenes de la corte de Delaware County le conceden la custodia temporera al peticionario, sino que ordenan la comparecencia de la niña a una audiencia en ese tribunal pautada para el 13 de julio de 2007.

El foro de instancia erró al entender que no procedía la solicitud de *hábeas corpus* del peticionario, y al declararse con jurisdicción para atender el asunto de la custodia de la menor. Procede conceder entera fe y crédito a las órdenes de la corte de Delaware County que han sido dictadas en conformidad con el PKPA. Es de aplicación en el caso de marras la obligación de los tribunales de Puerto Rico de reconocerle entera fe y crédito a los decretos de custodia de la corte de Delaware County que ha sido emitido de manera consistente con las disposiciones del PKPA, y toda vez que el foro original continúa teniendo jurisdicción sobre la materia de custodia de la menor. 28 U.S.C. sec. 1738A(a).

## IV

Por los fundamentos expuestos, se declara con lugar el auto de *hábeas corpus*, se le concede entera fe y crédito a las órdenes de la corte de Delaware County que le conceden la custodia temporera al peticionario y se ordena que se le entregue la menor a la Sra. Yina Montañez Avilés, prima del peticionario, para que la traslade a Pennsylvania en donde tiene que comparecer a una audiencia en ese foro pautada para el 13 de julio de 2007.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal.

Lic. María Elena Pérez Ortiz
Secretaria del Tribunal de Apelaciones