ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| NICOLE MARTÍNEX CARRILLO en representación del os mejores intereses del menor DNVM<br><br>Apelantes<br><br>v.<br><br>EDWIN LUIS VEGA COLÓN, MAYRA COLÓN RODRIGUEZ<br><br>Apelada | KLAN202300829 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: SJ2022RF01349<br><br>Sobre: CUSTODIA |
|---|---|---|

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Alvarez Esnard y la Jueza Díaz Rivera.

Díaz Rivera, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de noviembre de 2023.

Comparece ante *nos*, Nicole Martínez Carrillo (Martínez Carrillo) en representación del interés del menor DNVM y nos solicita que revisemos y revoquemos la *Sentencia* emitida y notificada el 19 de julio de 2023, por el Tribunal de Primera Instancia (TPI), Sala Superior de San Juan. Mediante dicho dictamen, el TPI desestimó la *Demanda* que presentó Martínez Carrillo por falta de jurisdicción.

Por los fundamentos que expondremos a continuación, *modificamos* la *Sentencia* apelada y así modificada, se *confirma*.

**I.**

El 18 de octubre de 2022, Martínez Carrillo presentó una *Demanda* en contra de Edwin Luis Vega Colón (Vega Colón) y Mayra Colón Rodríguez (Colón Rodríguez) sobre custodia. En apretada síntesis, adujo que mantuvo una relación de convivencia con Vega Colón y como producto de esa relación, procrearon al menor DNVM. Planteó que luego del alumbramiento sufrió de una depresión post parto; por lo cual, no tuvo otra alternativa que dejar al menor bajo

el cuidado de Vega Colón. Expresó que luego de haberse recuperado, Vega Colón le cedió la custodia completa del menor. Destacó que cuando comenzó la pandemia del COVID-19, el menor comenzó a estudiar a distancia; sin embargo, por contar con dificultades con el internet, el menor DNVM no pudo dominar las destrezas y fracasó el primer grado. Agregó que al advenir en conocimiento de que el próximo año académico sería remoto, tomó la decisión de permitir que su hijo se trasladara al estado de Texas junto a Vega Colón.

Asimismo, afirmó que realizó este acuerdo con Colón Rodríguez, abuela paterna del menor. Resaltó que el compromiso exacto fue que el menor pasaría el año académico 2021-2022 en Texas y tan pronto culminaran las clases regresaría inmediatamente a Puerto Rico. Acentuó que una vez el menor llegó a Texas perdió comunicación con él. Así pues, aseveró que una vez culminó el año académico, el menor tampoco regresó a Puerto Rico. Consecuentemente, solicitó la custodia monoparental del menor DNVM y que este fuera regresado a Puerto Rico.

Así las cosas, el 13 de febrero de 2023, Vega Colón presentó una *Contestación a la Demanda.* El 14 de febrero de 2023, Vega Colón presentó una *Contestación a la Demanda y Reconvención.* A grandes rasgos, negó las alegaciones de la *Demanda.*[1] Expuso que está mejor capacitado que Martínez Carrillo para proveerle el mejor bienestar a su hijo. Indicó que mientras el menor estuvo con Martínez Carrillo sufrió de mala nutrición, riesgos a su seguridad corporal y exposición a drogas. Arguyó que no secuestró al menor, sino que ambas partes acordaron que él tendría la custodia de DNVM en Texas. Así pues, solicitó la custodia del menor y, además, que el caso fuera referido a la Unidad Social del Tribunal para que se rindiera el informe correspondiente.

---

[1] En la alegación #29, Vega Colón se sometió a la jurisdicción del Tribunal.

El 26 de junio de 2023, las partes presentaron un *Informe Preliminar entre Abogados y Abogadas Segunda Enmienda.* Consecuentemente, ese mismo día, se llevó a cabo una Vista en la cual el TPI determinó, entre otras cosas, que la ley del caso es la *Resolución* emitida el 16 de marzo de 2023, en la cual se dispuso que en el caso atendido en la Sala de Investigaciones del Tribunal de Carolina no se adjudicó la custodia del menor, por lo que no se puede considerar un decreto de custodia para propósitos del *Parental Kidnapping Prevention Act.* Además, según surge de la *Minuta* las partes expusieron sus planteamientos en cuanto a si el Tribunal tenía jurisdicción o no sobre el menor.

Luego de varios trámites procesales, el 19 de agosto de 2023, el TPI emitió una *Sentencia* mediante la cual desestimó la *Demanda* que presentó Martínez Carrillo por falta de jurisdicción. El foro de instancia razonó que en el caso de autos no existe un decreto de custodia emitido por un tribunal competente. Determinó, además, que al momento en que se presentó la *Demanda,* el 18 de octubre de 2022, el menor llevaba catorce (14) meses con presencia física en el estado de Texas, según los hechos estipulados por las partes. Sostuvo que, Texas ha sido el lugar donde el menor a asistido a la escuela, recibe asistencia médica, tiene amistades y consecuentemente, donde se ha desenvuelto en su vida. Así pues, concluyó que el estado de Texas es el que está en mejor posición para determinar lo que es más beneficioso para el menor.

El 2 de agosto de 2023, Martínez Carrillo presentó una *Reconsideración.* Oportunamente, el 18 de agosto de 2023, Vega Colón presentó una *Moción Fijando Posición en [sic] Relación a Moción de Reconsideración, Informativa y en Cumplimiento de Orden.* Así, el 21 de agosto de 2023, el TPI emitió una *Resolución,* notificada el 23 de agosto de 2023, mediante la cual declaró *No Ha Lugar* la solicitud de reconsideración.

Insatisfecho con esa determinación, el 19 de septiembre de 2023, la parte apelante acudió ante *nos* mediante un recurso de apelación y señaló la comisión del siguiente error:

**Erró el Tribunal de Primera Instancia al concluir que no cuenta con la jurisdicción para entender en esta controversia y basar su decisión en el Parental Kidnapping Prevention Act ("PKPA"), 28 U.S.C. sec. 1738 A. En este caso, la ley federal no aplica porque no existe un decreto previo de custodia. Ante estas circunstancias es de empleo las disposiciones de la legislación de Puerto Rico y la doctrina desarrollada por el Tribunal Supremo de Puerto Rico.**

Examinado el recurso de apelación, el 26 septiembre de 2023, este Tribunal emitió una *Resolución* concediéndole un término de veinte (20) días a la parte apelada para que presentara su posición al recurso. Transcurrido el término concedido sin la oposición de la parte apelada, se da por perfeccionado el recurso y procedemos a resolver.

**II.**

**A. Jurisdicción**

La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos o controversias con efecto vinculante para las partes. *MCS Advantage, Inc. v. Fossas Blanco*, 2023 TSPR 8, 211 DPR ___ (2023). Así pues, la falta de jurisdicción de un tribunal incide directamente sobre el poder mismo para adjudicar una controversia. *Allied Mgmt. Group, Inc. v. Oriental Bank*, 204 DPR 374 (2020).

Así, los tribunales no tenemos discreción para asumir jurisdicción donde no la hay. *Martínez v. Junta de Planificación*, 109 DPR 839, 842 (1980). Pues, la ausencia de jurisdicción puede conllevar la nulidad de los dictámenes emitidos. *Allied Mgmt. Group, Inc. v. Oriental Bank*, *supra*. En efecto, la falta de jurisdicción no puede ser subsanada, ni podemos arrogarnos la jurisdicción que no tenemos. *Maldonado v. Junta de Planificación,* 171 DPR 46 (2007). Incluso, aunque las partes no lo planteen, estamos obligados a velar por nuestra jurisdicción. *Lagares Pérez v. E.L.A.,* 144 DPR 601

(1997). Por lo cual, es norma reiterada que las cuestiones jurisdiccionales son de índole privilegiada y deben ser resueltas con preferencia. *Allied Mgmt. Group, Inc. v. Oriental Bank, supra.*

### B. Custodia

La patria potestad se define como el conjunto de deberes y derechos que corresponden a los progenitores sobre la persona y los bienes de los hijos, desde que estos nacen hasta que alcanzan la mayoría de edad u obtienen su emancipación. Artículo 589 del Código Civil (32 LPRA sec. 7241).[2] A su vez, la custodia es un componente de la patria potestad porque impone a los padres el deber primario de tener a sus hijos no emancipados bajo su compañía. *Jusino González v. Norat Santiago*, 2023 TSPR 47, 211 DPR ___ (2023). Véase, además, *Ex parte Torres Ojeda*, 118 DPR 469, 476 (1987). Es decir, la custodia es la tenencia o control físico que tiene un progenitor sobre los hijos. *Ex parte Torres Ojeda, supra*, pág. 477.

Según establece nuestro ordenamiento jurídico, ante una determinación sobre custodia, los tribunales están llamados a utilizar como criterio rector el bienestar y los mejores intereses del menor. *Jusino González v. Norat Santiago, supra; Muñoz Sánchez v. Báez De Jesús*, 195 DPR 645, 651 (2016). Ahora bien, la decisión del tribunal relativa a la custodia de un menor es una a la que se debe llegar luego de realizar un análisis objetivo, sereno y cuidadoso de todas las circunstancias presentes en el caso ante su consideración, teniendo como único y principal objetivo el bienestar de los menores. *Jusino González v. Norat Santiago, supra.*

Según ha establecido nuestro máximo Foro, aun cuando el derecho de un progenitor de tener consigo a sus hijos es de superior jerarquía, este tiene que ceder ante la facultad de *parens patriae* del Estado de salvaguardar y proteger el bienestar del menor. *Peña v.*

---

[2] Cualquier mención subsiguiente al Código Civil de Puerto Rico se entenderá que es a su edición de 2020, aplicable a los hechos del presente caso.

*Peña,* 164 DPR 949 (2005). La función de *parens patriae* del Estado, delegada en los tribunales, se ejerce precisamente determinando a quien le corresponde la custodia del menor en su resguardo. Íd. Así pues, cualquier conflicto que perciba el tribunal entre intereses ajenos y el mejor interés de un menor deberá resolverse a favor del menor. Íd. En fin, un tribunal enfrentado a un litigio en el que se dilucida la custodia, la patria potestad o las relaciones paterno-filiales, no puede actuar livianamente.

### C. *Parental Kidnapping Prevention Act*

El *Parental Kidnapping Prevention Act* (PKPA), 28 USCA sec. 1738 A (a), es un estatuto federal que procura facilitar la ejecución de los decretos judiciales estatales relacionados a custodia y derechos de visita, así como prevenir la competencia y el conflicto interjurisdiccional. *Colón Vega v. Díaz Lebrón,* 2023 TSPR 27, 211 DPR ___ (2023). Véase, además, *Cancel Rivera v. González Ruiz,* 200 DPR 319 (2018). Consecuentemente, los tribunales de los estados están obligados a dar entera fe y crédito a los dictámenes de custodia que emiten sus equivalentes. *Colón Vega v. Díaz Lebrón, supra.* Así pues, como regla general no pueden modificar un dictamen de custodia que emitió otro estado de forma compatible con la ley. Íd. Véase, además, *Collazo Dragoni v. Noceda González,* 198 DPR 476 (2017). Para determinar si un dictamen de custodia es compatible con la ley, se debe examinar: (1) si el tribunal que lo emitió tenía jurisdicción bajo las leyes de su estado; y, (2) si se cumplió con una de varias bases jurisdiccionales. *Collazo Dragoni v. Noceda González, supra.*

De otro lado, se ha establecido que el estado de residencia del menor es aquel en el que residió "por seis meses consecutivos antes de la fecha en que comenzaron los procedimientos de custodia". *Colón Vega v. Díaz Lebrón, supra.* Véase, además, 28 USCA sec. 1738 A (b) (4). Además, la ley enfatiza que antes de que se haga una

determinación de custodia, se debe proveer a los padres una notificación razonable y la oportunidad de ser escuchados. 28 USCA sec. 1738 A (e). Ahora, si bien los preceptos de la PKPA pueden ser ilustrativos, debe quedar claro que sus disposiciones aplican ante un conflicto jurisdiccional en el que se solicita la modificación del decreto de custodia que emitió otro estado. *Colón Vega v. Díaz Lebrón, supra; Collazo Dragoni v. Noceda González, supra*. Así, el PKPA prevalece sobre cualquier legislación estatal debido a que ocupa el campo respecto a los decretos de custodia interestatales. *Cancel Rivera v. González Ruiz, supra*.

Nuestro máximo Foro ha establecido que, los tribunales de Puerto Rico poseen jurisdicción para atender los casos de custodia en cualquiera de las siguientes situaciones: (1) cuando se posee jurisdicción *in personam* sobre todos los litigantes o aun sobre una sola de las partes; (2) cuando el menor está domiciliado en Puerto Rico; (3) cuando el menor está físicamente presente o tiene su residencia habitual en Puerto Rico; y, (4) cuando el menor es ciudadano o nacional de Puerto Rico. *Collazo Dragoni v. Noceda González, supra*, citando a *Marrero Reyes v. García Ramírez*, 105 DPR 90 (1976). Así pues, a pesar de que una sentencia de custodia es válida si se cumplen los requisitos jurisdiccionales, el PKPA impone una preferencia por el estado de residencia del menor para que la sentencia goce de entera fe y crédito en los demás estados. *Ortega v. Morales*, 131 DPR 783 (1992).

**III.**

Como indicamos, la apelante sostuvo que incidió el TPI al concluir que no cuenta con la jurisdicción para entender en esta controversia y basar su decisión en el PKPA. Arguyó que, en este caso, la ley federal no aplica porque no existe un decreto previo de custodia; por lo cual, ante estas circunstancias es de empleo las disposiciones de la legislación de Puerto Rico y la doctrina desarrollada por el Tribunal Supremo de Puerto Rico. Concluyó que,

el TPI debió guiar su juicio en consideración a las Reglas de Procedimiento Civil de Puerto Rico, el Código Civil de Puerto Rico de 2020 y la doctrina interpretativa.

En el caso ante nuestra consideración, el foro recurrido emitió una *Sentencia* mediante la cual desestimó la *Demanda* que presentó Martínez Carrillo por falta de jurisdicción. Así, el foro de instancia determinó que en el caso de autos no existe un decreto de custodia emitido por un tribunal competente. Sostuvo que esta determinación es la ley del caso y vinculante para la continuación del pleito. Asimismo, razonó que la *Demanda* se presentó el 18 de octubre de 2022 y para esa fecha, el menor llevaba catorce (14) meses con presencia física en el estado de Texas, según los hechos expresamente estipulados por las partes. Consecuentemente, el TPI determinó que Texas ha sido el lugar donde el menor ha asistido a la escuela, recibe asistencia médica, ha hecho sus amistades y donde se ha desenvuelto su vida. Por lo cual, determinó que es el Tribunal competente del estado de Texas el que está en mejor posición para determinar lo que es más beneficioso para el menor.

Según el derecho que antecede, la custodia es la tenencia o control físico que tiene un progenitor sobre los hijos. *Ex parte Torres Ojeda, supra.* Cónsono con lo anterior, el PKPA se creó para facilitar la ejecución de los decretos judiciales estatales relacionados a custodia y derechos de visita, así como prevenir la competencia y el conflicto interjurisdiccional. *Colón Vega v. Díaz Lebrón, supra.* Así pues, los tribunales de los estados están obligados a dar entera fe y crédito a los dictámenes de custodia que emiten sus equivalentes. *Colón Vega v. Díaz Lebrón, supra.*

De una lectura minuciosa del expediente ante *nos*, podemos constatar que en el momento en que se presentó la *Demanda* de epígrafe no existía un decreto previo de custodia. Por lo cual, ciertamente, en el caso de marras no era de aplicación el PKPA;

pues, tal y como ha resuelto nuestro máximo Foro si bien los preceptos de la PKPA pueden ser ilustrativos, debe quedar claro que sus disposiciones aplican ante un conflicto jurisdiccional en el que se solicita la modificación del decreto de custodia que emitió otro estado. *Colón Vega v. Díaz Lebrón, supra*; *Collazo Dragoni v. Noceda González, supra.* Ese no es el caso ante *nos*.

No obstante, lo anterior, según surge de la *Sentencia* y del recurso de apelación que presentó la parte apelante, el 26 de junio de 2023, las partes presentaron un *Informe Preliminar entre Abogados y Abogadas Segunda Enmienda* mediante el cual estipularon varios hechos, entre estos:

1. El menor Deiwin Vega Martínez nació el 5 de febrero de 2014 en Puerto Rico. Actualmente cuenta con 9 años de edad.
2. El Padre del menor reside en el estado de Texas, EEUU.
3. El menor compartía con el padre los veranos y se hospedaba en el estado de Texas, EEUU.
4. Allá para el 2017, luego del paso del Huracán María, Puerto Rico se encontraba no [sic] energía eléctrica. La madre en beneficio de su hijo para que este no sufriera las condiciones de Puerto Rico decidió trasladarse temporeramente al estado de Texas, EEUU. Allí permanecieron por espacio aproximado de 8 meses.
5. El menor en el 2018-2019 cursó estudios en Head Star en Puerto Rico.
6. El menor en el año académico 2019-2020 cursó estudios de Kinder en la Escuela [sic] Puerto Rico.
7. El menor en el año académico 2020-2021 cursó estudios de Primer Grado en la Escuela Pascasio P. Sancerrit en Carolina, Puerto Rico.
8. El menor fracasó el primer grado.
9. La abuela paterna Mayra Colón Rodríguez fue la persona contacto y seleccionada para trasladar al menor al estado de Texas.
10. El menor cursó el Primer Grado correspondiente al año académico 2021-2022 [sic] Delmas F. Morton Elementary School en 401 E Grand Prairie RD, Grand Praire, Texas. EEUU, 75051, Phone: 972-262-6785; Fax: 972-343-6099.
11. El menor en el año académico 2022-2023 cursó estudios de segundo grado en Delmas F. Morton Elementary School en 401 E Grand Prairie RD, Grand Praire, Texas. EEUU, 75051, Phone: 972-262-6785; Fax: 972-343-6099 seleccionada para trasladar al menor al estado de Texas.

Así, nos resulta claro que el menor DNVM se ha encontrado físicamente fuera de la jurisdicción de Puerto Rico desde que comenzó el año académico 2020-2021. Por lo tanto, tomando en consideración que el estado de residencia del menor es aquel en el

que residió "por seis meses consecutivos antes de la fecha en que comenzaron los procedimientos de custodia". *Colón Vega v. Díaz Lebrón, supra,* es forzoso concluir que el foro más conveniente para dilucidar los asuntos relativos a la custodia del menor DNVM es en el estado de Texas.

No podemos perder de perspectiva que, los tribunales de Puerto Rico poseen jurisdicción para atender los casos de custodia en cualquiera de las siguientes situaciones: (1) cuando se posee jurisdicción *in personam* sobre todos los litigantes o aun sobre una sola de las partes; (2) cuando el menor está domiciliado en Puerto Rico; (3) cuando el menor está físicamente presente o tiene su residencia habitual en Puerto Rico; y, (4) cuando el menor es ciudadano o nacional de Puerto Rico. *Collazo Dragoni v. Noceda González, supra*; *Marrero Reyes v. García Ramírez, supra.*

En el caso ante *nos*, el menor no está domiciliado en Puerto Rico, no está físicamente presente ni tiene residencia habitual en nuestra jurisdicción. Por lo tanto, aun cuando el Tribunal posee jurisdicción *in personam* sobre todos los litigantes o aun sobre una sola de las partes, no podemos pasar por desapercibido que el foro más conveniente es aquel donde el menor ha asistido a la escuela, recibe asistencia médica, ha hecho sus amistades y donde se ha desenvuelto su vida por **más** de catorce (14) meses.

En fin, tomando en consideración que los tribunales no tenemos discreción para asumir jurisdicción donde no la hay, y velando por el bienestar y los mejores intereses del menor DNVM, concluimos que procedía la desestimación de la *Demanda* por falta de jurisdicción. Véase, *Martínez v. Junta de Planificación, supra; Jusino González v. Norat Santiago, supra.*

**IV.**

Por los fundamentos antes expuestos, los que hacemos formar parte del presente dictamen, *modificamos* la *Sentencia* apelada y así modificada, se *confirma.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones