Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| | | |
|---|---|---|
| YILANEE XOACHLEEN RIVERA IRIZARRY<br><br>Demandante - Apelante<br><br>v.<br><br>HAROLD DANIEL FELICIANO SOTO<br><br>Demandado - Apelado | TA2025AP00151 | Apelación procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Civil núm.: AG2025RF00180<br><br>Sobre: Divorcio (R.I.) |

Panel integrado por su presidente, el Juez Sánchez Ramos, la Jueza Romero García y el Juez Pérez Ocasio.

Sánchez Ramos, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 22 de septiembre de 2025.

El Tribunal de Primera Instancia ("TPI") desestimó una reclamación sobre custodia, pensión y relaciones paternofiliales, luego de concluir que el foro judicial de Carolina del Norte era el más adecuado para dilucidar estas controversias, debido a que ni las partes, ni su hija menor de edad, residen en Puerto Rico.

Según se explica en detalle a continuación, concluimos que actuó correctamente el TPI.

I.

La Sa. Yilanee Xoachleen Rivera Irizarry (la "Apelante" o "Demandante") y el Sr. Harold Daniel Feliciano Soto (el "Demandado" o "Apelado") se divorciaron mediante la Escritura Pública Núm. 57 de 6 de diciembre de 2024 (la "Escritura"), otorgada ante Jovita V. Jiménez Marcial, por ruptura irreparable. Las partes procrearon a una hija (AFR, o la "Menor"),[1] nacida el 28 de abril de 2020. Se desprende de la Escritura que las partes acordaron, entre otros asuntos, la custodia, la pensión alimentaria y las

---

[1] Por tratarse de una menor de edad, hacemos referencia a esta mediante sus iniciales.

relaciones paternofiliales. Además, en la Escritura se hizo constar que las partes seleccionaron la Sala Superior de Aguadilla del TPI como foro para atender los conflictos que pudieran surgir sobre custodia, relaciones filiales o pensión alimentaria.

El 1 de marzo de 2025, el Apelado presentó una reclamación de custodia y alimentos en un tribunal de Carolina del Norte, en donde reside y trabaja. El 3 de marzo, la Apelante, **quien también reside en Carolina del Norte con la Menor,** fue emplazada.

Por su parte, el 12 de marzo, la Apelante instó la acción de referencia (la "Demanda") ante la Sala de Aguadilla del TPI. Alegó que el Apelado incumplió los acuerdos sobre pensión alimentaria y relaciones paternofiliales, según se plasmaron en la Escritura. Añadió que en la Escritura las partes seleccionaron la Sala de Aguadilla del TPI como el foro para dilucidar controversias en torno a la custodia, pensión alimentaria y relaciones filiales. La Apelante admitió que residía en Carolina del Norte, pero alegó que su "domicilio" era en Aguadilla, Puerto Rico.

Luego de algunos trámites procesales, la Apelante presentó un *Escrito Solicitando Enlace para Vista Inicial de Alimentos de Forma Virtual.*[2] Explicó que **las partes trabajaban fuera de Puerto Rico** y, por ello, en atención al mejor bienestar de la Menor, solicitó que la vista inicial del caso fuera virtual.

Luego de varios trámites adicionales, el 19 de mayo, el Apelado instó una *Moción Asumiendo Representación Legal y Solicitud de Desestimación por Falta de Jurisdicción* (la "Moción"). En primer lugar, planteó que el TPI no tenía jurisdicción debido a que las partes y la Menor residían en Carolina del Norte. Véase, Regla 3.5 de Procedimiento Civil, 32 LPRA Ap. V, R. 3.5. Además, arguyó que, ante la existencia de una acción en dicha jurisdicción,

---

[2] Entrada [18] del SUMAC del TPI.

instada antes de la Demanda, procedía que el TPI determinase que no era el foro más apropiado. En segundo lugar, el Demandado arguyó que los acuerdos recogidos en la cláusula undécima de la Escritura no obligaban a las partes, por la falta de asesoramiento legal.

El 23 de mayo, la Apelante se opuso a la Moción; aunque admitió que no vivía en Puerto Rico, sostuvo que su domicilio es Puerto Rico porque, cada vez que tiene la oportunidad, regresa a Puerto Rico. Adujo que los acuerdos de las partes en la Escritura eran válidos y, por consiguiente, que el TPI tenía jurisdicción sobre las partes.

Al cabo de varios incidentes procesales, el 18 de junio, el TPI notificó una *Sentencia* mediante la cual desestimó la Demanda. El TPI concluyó que no había controversia sobre los siguientes hechos relevantes:

1. La Sra. Yilanee Xoachleen Rivera Irizarry es empleada y vecina de 3719 Laguna Vista Dr. Apto 9, Fayetteville, North Carolina 28311.

2. El Sr. Harold Daniel Feliciano Soto es miembro de las Fuerzas Armadas de los Estados Unidos de América en la rama del Army con residencia en 1628 Turkey Run, Fayetteville, NC 28312.

3. Las partes estuvieron casadas y se divorciaron mediante Escritura Pública Número 57 el 6 de diciembre de 2024, ante la Notario Jovita V. Jiménez Marcial.

4. El 1 de marzo de 2025, Harold Daniel Feliciano Soto presentó una reclamación de custodia y alimentos ante el Tribunal del Estado de North Carolina. La Sra. Yilanee Xoachleen Rivera Irizarry fue emplazada el 3 de marzo de 2025. La vista ante dicho tribunal quedó señalada para el 26 de junio de 2025.

5. El 12 de marzo de 2025, Yilanee Xoachleen Rivera Irizarry presentó la demanda que originó el presente caso. En esencia planteó asuntos sobre relaciones filiales y alimentos.

6. Las partes adquirieron una propiedad inmueble en Carolina del Norte.

7. La menor recibe todos sus servicios en Carolina del Norte.

En lo pertinente, el TPI razonó que, aun cuando pudiese tener jurisdicción, sobre la base del *animus revertendi* de la Apelante, el foro más adecuado para atender el caso sería el de Carolina del Norte, por los siguientes factores:

1. Ambas partes y la menor residen en Carolina del Norte.

2. La custodia o relaciones filiales ser (sic.) llevarían a cabo en Carolina del Norte.

3. Las necesidades alimenticias de la menor se definen por el costo de vida y las circunstancias particulares del (sic.) Carolina del Norte.

4. La litigación en Puerto Rico puede resultar irrazonablemente onerosa y complicada para una o todas las partes que residen en otro estado.

5. Los mecanismos y recursos necesarios para que este Tribunal pueda hacer una determinación justa de custodia se verían afectados. Así, por ejemplo, de ordinario las trabajadoras sociales de la Unidad Social del Tribunal visitan la escuela, entrevistan vecinos, colaterales, visitan el hogar de los padres, requieren evaluaciones psicológicas y psiquiátricas realizadas por la Clínica de Diagnóstico del Tribunal, etc. Estas labores se tornan onerosas si todas las partes implicadas viven fuera de Puerto Rico.

6. La solución justa y rápida de las controversias planteadas podría verse afectada por suspensiones, fechas disponibles para que las partes viajen a Puerto Rico a ser evaluadas, disponibilidad de recursos del Tribunal para realizar gestiones fuera de Puerto Rico, etc. En estas circunstancias las partes tienen mayor acceso a la justicia en su Estado de residencia.

7. Existe un caso ante el Tribunal de Carolina del Norte, originado antes que el nuestro, y que ya tiene una vista señalada.

8. En estas circunstancias, cualquier determinación de este Tribunal tendría efectos en Carolina del Norte.

9. En estas circunstancias, cualquier determinación de este Tribunal podría afectar las determinaciones de otro tribunal que está en mejor posición de resolver.

Por otro lado, el TPI determinó que, aun si se pudiera interpretar que los acuerdos de las partes en la Escritura constituyen una determinación de custodia sobre la cual el TPI tiene jurisdicción, dicha jurisdicción desapareció debido a que el "*home*

*state*" de la menor es Carolina del Norte. En cuanto al argumento de que la jurisdicción del TPI fue "estipulada" por las partes, el TPI observó que ello no podía subsanar la falta de jurisdicción ni el hecho de que dicha sala, en este caso, no constituye el foro más conveniente, especialmente tomando en consideración el mejor bienestar de la Menor. *Suárez v. Betancourt*, 64 DPR 469, 472 (1945).

En desacuerdo, el 18 de julio, la Apelante interpuso el recurso de referencia; formuló el siguiente error:

> Cometió error de derecho el Tribunal de Instancia al desestimar la demanda presentada por la apelante por razón de que las partes no viven en Puerto Rico, anulando de esta forma un acuerdo de las partes de que los asuntos relacionados a custodia, pensión alimentaria y relaciones filiales se dilucidarían ante la sala del Tribunal de Aguadilla dejando sin efecto la escritura de divorcio en sede notarial firmada voluntariamente por las partes.

El Demandado presentó su alegato en oposición; resolvemos.

II.

La jurisdicción es el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *S.L.G. Solá-Moreno*, 182 DPR 675, 682 (2011); *Asoc. Punta Las Marías v. A.R.PE.*, 170 DPR 253, 263 (2007). Cuando hablamos de jurisdicción sobre la materia, nos referimos a la capacidad de un tribunal para atender y resolver una controversia sobre un aspecto legal. Si no hay jurisdicción sobre la materia, el tribunal está obligado a desestimar el caso. *Shell v. Srio. Hacienda*, 187 DPR 109, 122 (2012).

Cuando un tribunal carece de autoridad para atender un recurso, solamente procede decretar la desestimación del caso ante su consideración. *Lozada Sánchez et al. v. JCA*, 184 DPR 898, 909 (2012). "Las cuestiones de jurisdicción por ser privilegiadas deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo". *Autoridad Sobre Hogares v. Sagastivelza*, 71 DPR 436, 439 (1950); véanse,

además, *Pérez Rosa v. Morales Rosado*, 172 DPR 216, 222 (2007); *Carattini v. Collazo Syst. Analysis, Inc.*, 158 DPR 345, 355 (2003). Al hacer esta determinación, debe desestimarse la reclamación "sin entrar en los méritos de la cuestión ante sí". *González Santos v. Bourns P.R., Inc.*, 125 DPR 48, 63 (1989). En consecuencia, la ausencia de jurisdicción es insubsanable. *S.L.G. Solá-Moreno*, 182 DPR a la pág. 683; *Vázquez v. A.R.P.E.*, 128 DPR 513, 537 (1991).

### III.

Por otra parte, la ley federal conocida como el *Parental Kidnapping Prevention Act* ("PKPA") se promulgó en 1980. 28 USCA sec. 1738 *et seq.* Su propósito primordial es facilitar la ejecución de los decretos de los estados sobre custodia y derechos de visita, y prevenir la competencia y el conflicto interjurisdiccional. Esta ley rige expresamente en todos los estados, territorios y posesiones de Estados Unidos, incluido Puerto Rico y el Distrito de Columbia. Véase, PKPA, 28 USCA sec. 1738A(b)(8). Además, ocupa el campo en materia de determinaciones interestatales de custodia. *Santiago v. Kabuka*, 166 DPR 526, 534 (2005); *Cancel Rivera v. González Ruiz*, 200 DPR 319, 330 (2018). Por ello, cuando existe un conflicto interjurisdiccional respecto a decretos de custodia entre los estados, el PKPA ocupa el campo, incluso sobre las leyes locales como la *Ley Uniforme Interestatal sobre Alimentos para la Familia ("LUIAF").*

Por su parte, otra ley federal, conocida como el *Full Faith and Credit for Child Support Orders Act* ("FFCCSOA"), se promulgó en 1994 con el propósito de que ningún estado pueda modificar una determinación de pensión alimentaria que sea compatible con las leyes del estado en que se emite, a menos que se cumplan con ciertos requisitos jurisdiccionales. A tales efectos, la FFCCSOA requiere que se cumpla con el dictamen original de pensión alimentaria que establece el estado emisor.

De conformidad con los referidos estatutos, los tribunales en Puerto Rico deben conceder entera fe y crédito a los decretos sobre custodia y pensión alimentaria de otros estados o jurisdicciones, siempre que sean compatibles con estas disposiciones y que el foro original mantenga jurisdicción sobre la materia. 28 USC secs. 1738A y 1738B; *Cancel Rivera,* 200 DPR a la pág. 330-331.

Una determinación de custodia o derecho de visita es compatible con la PKPA únicamente si el tribunal emisor tenía jurisdicción para ello, conforme a las leyes de su estado y si se cumple con una de las condiciones siguientes:

(A) Ese estado (i) es el estado de residencia del menor a la fecha en que comenzaron los procedimientos, o (ii) ha sido el estado de residencia del menor seis meses antes de la fecha en que comenzaron los procedimientos y el menor se encuentra fuera del estado porque ha sido trasladado o retenido por una de las partes o por otras razones, y una de las partes aún reside en el estado que emitió el decreto;

(B) (i) surge que ningún otro estado tiene jurisdicción bajo el párrafo (A), y (ii) para el mejor bienestar del menor, el tribunal de dicho estado asume jurisdicción debido a que (I) el menor y sus padres, o el menor y al menos uno de los litigantes, tiene contactos significativos con el estado, más allá de la mera presencia física en el mismo, y (II) está disponible en ese estado evidencia sustancial relativa al cuidado, protección, entrenamiento y relaciones personales presentes o futuras del menor;

(C) el menor está físicamente presente en ese estado, y (i) ha sido abandonado, o (ii) existe una emergencia que requiera su protección porque el niño, un hermano o uno de sus padres, ha recibido amenazas o ha estado expuesto a maltrato o abuso;

(D) (i) surge que no hay otro estado con jurisdicción bajo los párrafos (A), (B), (C) o (E), u otro estado ha declinado ejercer jurisdicción bajo el fundamento de que el estado cuya jurisdicción está en controversia es el foro más apropiado para determinar la custodia del menor, y (ii) es para el mejor bienestar del menor que ese tribunal asuma jurisdicción; o

(E) el tribunal tiene jurisdicción continua conforme al inciso (d) de esta sección. 28 USC sec. 1738A(c).

Véase *Santiago González v. Kabuka,* 166 DPR a la pág. 535.

Además, para que un tribunal conserve su jurisdicción continua, deben cumplirse con los siguientes requisitos: (1) que el decreto original de custodia sea compatible con las disposiciones de la PKPA; (2) que el foro original mantenga jurisdicción bajo sus propias leyes, y (3) que dicho foro continúe siendo el estado de residencia del menor o al menos de una de las partes.

Así pues, la PKPA "establece un esquema de preferencia jurisdiccional mediante el cual se favorece el estado de residencia del menor como el foro que mejor está capacitado para atender las cuestiones de custodia del menor". *Cancel Rivera*, 200 DPR a la pág. 333. Es decir, se le concede un trato preferencial al estado de residencia del menor porque se entiende que es el que puede determinar mejor lo que es más beneficioso para el (o la) menor. Íd. Adviértase que en el estado de residencia del menor es donde con mayor probabilidad está disponible la evidencia que se requiere para hacer una adecuada determinación de custodia, una que tome en cuenta lo que es más conveniente para el menor. De manera que, de existir conflicto con respecto a cuál es el requisito jurisdiccional aplicable de acuerdo con el PKPA, siempre deberá prevalecer el del estado de residencia del menor. Íd. Asimismo, la norma es que:

> [n]o será sino hasta que se determine que ningún otro estado podría asumir jurisdicción a la luz de la sección relativa al "estado de residencia", que se tomará en consideración el criterio de los mejores intereses del menor o el que otro estado haya declinado asumir jurisdicción, a menos que el menor se encuentre en este estado y exista una situación de abandono o de emergencia. Véase, *Cancel Rivera*, 200 DPR a la pág. 334, citando a *Ortega, Jr. v. Morales Ortega*, 131 DPR 783, 792 (1992).

Así también, el PKPA reconoce jurisdicción a un foro para modificar determinaciones de custodia emitidas por otros foros cuando el estado o jurisdicción que pretende modificar el decreto ostenta jurisdicción para hacer determinaciones de custodia, y el tribunal del otro foro ha perdido jurisdicción o ha declinado

ejercerla. Una vez comenzado un procedimiento de custodia en un estado o jurisdicción, mientras el mismo sea compatible con las disposiciones del PKPA y dicho procedimiento se encuentre pendiente, un segundo estado o jurisdicción queda impedido de ejercer jurisdicción, o debe declinar ejercerla. *Santiago González,* 166 DPR a la pág. 529.

Por otro lado, en cuanto a la jurisdicción continua, en *Santiago González,* 166 DPR a la pág. 529, se consignó lo siguiente:

> [S]i bien el PKPA da preferencia al estado de residencia del menor sobre cualquier otra jurisdicción, la ley confiere jurisdicción continua al estado o foro que haya emitido un decreto original de custodia para que haga valer o revise sus determinaciones originales. 28 U.S.C.A. sec. 1738A(d). Debe entenderse que ante la existencia de un decreto original que se ajuste a las disposiciones del estatuto, la jurisdicción continua es el criterio principal, aun cuando ésta no sea la jurisdicción de residencia del menor. *Moraza Choisne, supra,* pág. 319 ("In these actions the jurisdictional basis [providing continuous jurisdiction] is hierarchically superior even to home state jurisdiction").

Así pues, la jurisdicción continua es la norma que prevalece sobre el estado de residencia del menor, mientras se cumpla con las disposiciones y las bases jurisdiccionales del estatuto federal y mientras el estado en donde se emitió el decreto original se mantenga como el estado de residencia del menor o una de las partes. *Cancel Rivera,* 200 DPR a la pág. 331-335; *Santiago González,* 166 DPR a la pág. 529.

Por otra parte, en lo referente al procesamiento de casos de alimentos interestatales, en Puerto Rico se aprobó la Ley Núm. 103-2015, conocida como la *Ley Uniforme Interestatal sobre Alimentos para la Familia* (LUIAF). Ello, con el propósito de adoptar en Puerto Rico el modelo de ley conocido como *Uniform Interstate Family Support Act* (UIFSA).

En lo pertinente, la Sección 1301(a) de la LUIAF, dispone cuáles son los fundamentos para que, en un procedimiento para **establecer o ejecutar** una orden de pensión alimentaria, un

tribunal de Puerto Rico pueda ejercer jurisdicción sobre un individuo no residente o sobre el tutor o encargado. La referida disposición señala que se debe cumplir con alguno de los siguientes:

(1) El individuo es emplazado o notificado personalmente en Puerto Rico;

(2) el individuo se somete a la jurisdicción de Puerto Rico mediante un consentimiento que consta en récord, mediante la comparecencia voluntaria sin cuestionar la jurisdicción del tribunal o mediante la presentación de una alegación responsiva que tiene el efecto de una renuncia a la defensa de falta de jurisdicción sobre su persona;

(3) el individuo residió en Puerto Rico con el menor;

(4) el individuo residió en Puerto Rico y proveyó gastos prenatales o alimentos para el menor;

(5) el menor reside en Puerto Rico como resultado de actos o directrices del individuo;

(6) la persona sostuvo relaciones sexuales en Puerto Rico y el menor pudo haber sido concebido de dicha relación sexual;

(7) el individuo reconoció e inscribió al menor en el Registro Demográfico que está adscrito al Departamento de Salud de Puerto Rico; o

(8) existe cualquier otro fundamento consistente con la Constitución del Estado Libre Asociado de Puerto Rico y la de los Estados Unidos para ejercer jurisdicción sobre la persona del individuo.

Ahora bien, la sección 1301(b) dispone que los tribunales locales no pueden utilizar los fundamentos esbozados en el inciso (a) para ejercer su jurisdicción sobre un no residente con el objetivo de modificar una orden de pensión alimentaria emitida por otro estado, a menos que se cumpla con los requisitos establecidos en la Sec. 1381 de este título, o, en el caso de una orden extranjera de pensión alimentaria, a menos que se cumpla con los requisitos establecidos en la Sec. 1385 de este título.

IV.

Concluimos que actuó correctamente el TPI al desestimar la Demanda. Del récord surge que no hay controversia sobre el hecho de que, en todo momento pertinente, tanto la Menor, como sus

padres, han residido, y actualmente residen, fuera de Puerto Rico. De hecho, la Menor asiste a un centro de cuido de niños en Carolina del Norte desde hace dos (2) años, ambas partes viven y trabajan en Carolina del Norte, y allí adquirieron una residencia. Incluso, lo estipulado en la Escritura respecto a relaciones paterno-filiales (el Demandado tendría a la Menor en fines de semana alternos, por ejemplo), implica que todas las partes vivían, y continuarían viviendo, en el mismo lugar.

Conforme al PKPA, si existe conflicto con respecto a cuál es el requisito jurisdiccional aplicable, deberá prevalecer el del estado de residencia del menor. Véase, *Cancel Rivera*, supra, y *Santiago v. Kabuka*, *supra*. Así también, dicha ley dispone que el "estado de residencia" del menor, o *home state*, será donde el menor haya residido por seis (6) meses consecutivos antes de la fecha en que comenzaron los procedimientos de custodia. 28 USCA sec. 1738A(b)(4); *Ortega v. Morales*, 131 DPR 783, ___ (1992). En este caso, Puerto Rico no es el *home state* de la Menor.

Adviértase, además, que, antes de presentarse la Demanda, ya el Demandado había presentado una acción similar en el estado de Carolina del Norte y ya había emplazado a la Apelante. Por ende, existía un litigio de custodia y alimentos entre las partes en Carolina del Norte.

En las circunstancias particulares de este caso, no tiene pertinencia el que las partes acordaran en la Escritura que el TPI tendría jurisdicción para atender controversias de custodia y pensión de alimentos, o que en la Escritura se hayan incorporado acuerdos al respecto. Ello porque el foro judicial de Carolina del Norte es el que está en mejor posición para dilucidar en qué consiste el mejor bienestar de la Menor y, además, dicho foro claramente es el más conveniente para las partes. En estos momentos, Puerto Rico no es el foro judicial más conveniente para, de forma eficiente,

resolver el caso.  Subrayamos que, bajo la doctrina de *forum non conveniens,* un tribunal local con autoridad sobre alguna persona, o asunto, debe abstenerse de intervenir, si existen consideraciones que propenden a la más justa y eficiente tramitación de la controversia presentada en otra jurisdicción.

En fin, actualmente, el foro judicial del estado de Carolina del Norte es el más apropiado para atender todas las causas de acción presentadas.

V.

Por los fundamentos que anteceden, se confirma el dictamen apelado.

Lo acuerda y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones